## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT F. STONE,
                Appellant,

v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
PH-0841-16-0311-I-1

DATE: September 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert F. Stone, Conway, Massachusetts, pro se.

Kristopher L. Rogers, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, to clarify that the issues in this appeal are not moot, we AFFIRM the initial decision, still DISMISSING the appeal for lack of jurisdiction.

## BACKGROUND

¶2        On March 29, 2016, OPM issued a reconsideration decision denying the appellant's request for a supplemental annuity under 5 U.S.C. § 8468(b). Initial Appeal File (IAF), Tab 4 at 12-14. The appellant filed a timely appeal with the Board. IAF, Tab 1. In addition to contesting the merits of OPM's finding that he was not eligible for a supplemental annuity, he objected that OPM took 4 years to render its decision. *Id*. He also raised a claim that OPM had improperly failed to resume deducting Federal Employee Group Life Insurance (FEGLI) premiums when he left reemployed annuitant status. *Id*. He further contended that OPM discriminated against him on the bases of age and disability. *Id*. Finally, he argued that OPM violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) by denying him a benefit of employment in reprisal for exercising his right to take leave without pay under Executive Order 5396. IAF, Tab 4 at 8-9.[2]

---

[2] Executive Order 5396 provides disabled veterans in the executive branch a right to take annual leave, sick leave, or leave without pay to obtain necessary medical

¶3    In a submission dated June 16, 2016, OPM indicated that it was rescinding its March 29, 2016 reconsideration decision.  IAF, Tab 10.  OPM moved that the appeal be dismissed for lack of jurisdiction and indicated that it would further review the appellant's claim for a supplemental annuity and issue a new final decision after the appeal was dismissed.  *Id*.  The appellant was not provided an opportunity to respond to OPM's motion.  On June 20, 2016, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 11, Initial Decision (ID).  The initial decision erroneously indicated that OPM's decision concerned an overpayment of annuity benefits.  ID at 1.  This petition for review followed.  Petition for Review (PFR) File, Tab 1.  OPM has responded.  PFR File, Tab 4.

## ANALYSIS

¶4    If OPM completely rescinds a reconsideration decision, its rescission completely divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue and the appeal must be dismissed.  *Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008).  Here, OPM asserts that it has "completely rescinded" its March 29, 2016 reconsideration decision and that it will issue a new final decision regarding the appellant's request for a supplemental annuity.  IAF, Tab 10.  While the appellant objects to the dismissal of his appeal, he does not dispute that the March 29, 2016 reconsideration decision has been rescinded.  Thus, we conclude that OPM has completely rescinded its reconsideration decision, thereby removing the matter from the Board's jurisdiction.  *Rorick*, 109 M.S.P.R. 597, ¶ 5.

¶5    We further find that the Board lacks jurisdiction over the appellant's claim that OPM's decision was unduly delayed.  The appellant correctly observes that

---

treatment, provided that the employee gives prior notice and provides appropriate medical documentation.  *See Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 8 (2011).

the Board may take jurisdiction over a retirement appeal if the appellant has made repeated requests for a reconsideration decision and the evidence shows that OPM does not intend to issue a final decision. *See, e.g.*, *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012). However, we find no authority for the proposition that, once OPM has issued a final decision, its delay in issuing the decision constitutes "an administrative action or order" affecting an appellant's rights or interests under the Federal Employees' Retirement System. *See* 5 U.S.C. § 8461(e).

¶6        As to the appellant's claim concerning FEGLI premiums, the Board generally lacks jurisdiction over FEGLI disputes. *Richards v. Office of Personnel Management*, 97 M.S.P.R. 291, ¶ 6 (2004). Furthermore, in the absence of an appealable matter, we lack jurisdiction to consider the appellant's claims of discrimination based on age and disability. *Mueller v. U.S. Postal Service*, 75 M.S.P.R. 424, 426 (1997). Finally, the appellant's claim that OPM denied him a benefit of employment in reprisal for exercising his rights under Executive Order 5396 is not cognizable under 38 U.S.C. § 4311, which prohibits an "employer" from discriminating against an individual based on service in the uniformed services or the exercise of protected USERRA activity. The record does not reflect that OPM is, or ever was, the appellant's "employer."

¶7        We agree with the appellant that the administrative judge should not have dismissed the appeal without first providing him an opportunity to object to the agency's motion to dismiss. *See* Judges' Handbook, § 5.2(b) ("The [administrative judge] should not rule on substantive, controversial, or complex motions without allowing the opposing party an opportunity to object."). The administrative judge also erred in stating that the reconsideration decision concerned an overpayment of annuity benefits. However, we find these errors did not adversely affect the appellant's substantive rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶8         We also agree with the appellant that the issues on appeal are not moot, because he has not received the relief he would have obtained if the matter had been adjudicated and he had prevailed. *See Rorick*, 109 M.S.P.R. 597, ¶ 6. Thus, rather than dismissing the appeal outright, we dismiss it without prejudice to the appellant's filing an appeal from any future reconsideration decision from OPM concerning his entitlement to a supplemental annuity. *See id*. After OPM issues a new reconsideration decision, the appellant may appeal to the appropriate regional office if he disagrees with that decision. *See id*., ¶ 7. Furthermore, considering the significant amount of time it took OPM to issue the reconsideration decision that it has now rescinded, the appellant may also appeal to the appropriate regional office if OPM fails to issue a new reconsideration decision within 90 calendar days of the date of this Final Order. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

        The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.